

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SWISS MARINE SERVICES S.A.,

                Plaintiff,

- against -

HERMITAGE UK LTD. and HERMITAGE
RESOURCES LIMITED,

                Defendants.
------------------------------------------------------------X

08 CV _____

## VERIFIED COMPLAINT

Plaintiff, SWISS MARINE SERVICES S.A. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, HERMITAGE UK LTD. (hereinafter referred to as "Hermitage UK") and HERMITAGE RESOURCES LIMITED (hereinafter referred to as "Hermitage Resources"), (hereinafter collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 et seq.) and/or the Federal Arbitration Act (9 U.S.C. § 1 et seq.).

    2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the owner of the motor tanker "GLENBULK A" (hereinafter the "Vessel").

3. Upon information and belief, Defendant Hermitage UK was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law, and was at all material times the Charterer of the Vessel.

4. Upon information and belief, Defendant Hermitage Resources was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law.

4. By a charter party dated February 24, 2006, Plaintiff voyage chartered the Vessel to Defendant Hermitage UK for the carriage of "up to full cargo ½ grades fuel oil."

5. Plaintiff delivered the Vessel into the service of the Defendant Hermitage UK and fully performed all duties and obligations under the charter party.

6. A dispute arose between the parties regarding Defendant Hermitage UK's failure to pay demurrage[1] costs due and owing to Plaintiff under the charter party contract.

7. As a result of Defendant Hermitage UK's breach of the charter party due to its failure to pay demurrage costs of the Vessel, Plaintiff has sustained damages in the total principal amount of $140,725.00 exclusive of interest, arbitration costs and attorneys fees.

8. Despite due and repeated demand, Defendant Hermitage UK has failed to pay the amounts due and owing under the charter party. *Attached hereto as Exhibit "1" are copies of Plaintiff's Final Statement of Freight and demand(s) for payment by Defendant.*

9. Pursuant to the charter party, disputes between the parties are to be submitted to arbitration in London subject to English law. Plaintiff has commenced arbitration of its claim against Defendant Hermitage UK.

---

[1] Demurrage is a liquidated damage for delay set forth in the charter party that requires a charterer to pay to owner when the vessel is prevented from the loading or discharging of cargo within the stipulated laytime (i.e., the maximum time permitted in the charter party for cargo operations – here defined by the charter party as $30,000.00 per day, pro rata.)

2

10. This action is brought in order to obtain jurisdiction over Defendants and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim – Demurrage | $140,725.00 |
| B. | Estimated interest on claim - 3 years at 7.5% compounded quarterly: | $ 35,131.44 |
| C. | Estimated arbitration costs: | $ 5,000.00 |
| D. | Estimated attorneys' fees and expenses: | $ 5,000.00 |
| | Total: | $185,856.44 |

12. Upon information and belief, Hermitage UK uses Hermitage Resources as a "paying/receiving agent" or "pass through" entity such that it can insulate itself from creditors relating to its creditors relating to its commercial obligations.

13. Upon information and belief, Hermitage Resources sends payments and/or is directed to send payments on Hermitage UK's behalf where Hermitage Resources has absolutely no contractual relationship and/or debt to Hermitage UK's creditors.

14. Upon information and belief, Hermitage Resources was directed to make a partial payment to Plaintiff in the amount of $2,270,590.19 for FREIGHT DEVIATION BUNKER payment arising from the Hermitage UK charter party with Plaintiff.

15. Pursuant to Hermitage UK's instructions, on or about April 18, 2006, Hermitage Resources sent a partial payment to Plaintiff in the amount of $2,270,390.19. *See copy of the April 18, 2006 Wire Transaction Summary annexed hereto as Exhibit 2.*

16. Upon information and belief, Hermitage Resources was directed to make a partial payment to Plaintiff in the amount of $14,493.53 for demurrage costs arising from the Hermitage UK charter party with Plaintiff.

17. Pursuant to Hermitage UK's instructions, on or about May 2, 2006, Hermitage Resources sent a partial payment to Plaintiff in the amount of $14,493.53. *See copy of the May 2, 2006 Wire Transaction Summary annexed hereto as Exhibit 3.*

18. It is not general practice in the maritime community, nor anywhere else, for independent companies to make or receive large payments on behalf of other independent companies.

19. Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length."

20. In the further alternative, Defendants are partners and/or joint venturers such that Hermitage Resources is now, or will soon be, holding assets belonging to Hermitage UK, or vice versa.

21. In the further alternative, Defendants are affiliated companies such that Hermitage Resources is now, or will soon be, holding assets belonging to Hermitage UK, or vice versa.

22. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during

the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants. *See Affidavit in Support of Prayer for Maritime Attachment annexed hereto as Exhibit 4.*

23. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants and to secure the Plaintiff's claim as described above.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $185,856.44 belonging to, due or being transferred to, from, or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendant's name(s) or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be

named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which has or may be initiated in the future, including any appeals thereof;

E.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

F.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

G.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:    New York, NY
          June 9, 2008

                                    The Plaintiff,
                                    SWISS MARINE SERVICES S.A.

                            By: _____
                                    Patrick F. Lennon
                                    Coleen A. McEvoy
                                    LENNON, MURPHY & LENNON, LLC
                                    420 Lexington Avenue, Suite 300
                                    New York, NY 10170
                                    (212) 490-6050 - phone
                                    (212) 490-6070 - facsimile
                                    pfl@lenmur.com
                                    cam@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Coleen A. McEvoy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    New York, NY
          June 9, 2008

                                                    _____
                                                    Coleen A. McEvoy

# EXHIBIT 1

# SWISSMARINE
## SERVICES S.A.

SwissMarine Services S.A. - 36, Avenue Cardinal-Mermillod - 1227 Carouge - Geneva - Switzerland
TEL. +41 (0) 22 827 18 88 - FAX +41 (0) 22 827 18 99 - sms@swissmarine.ch

Date : Mar 29 2006                  Ref : 50625

## FINAL STATEMENT OF FREIGHT

Vessel     : GLENBULK A
Voyage     : 15
C/P Dated  : 28/2/06
Charterers : HERMITAGE UK LTD., LONDON
             c/o MALLORY JONES LYNCH & ASSOC.
Loaded     : Odessa/Constantza/Bosporus South Bound
Discharged : Tanjung Pelepas/Port Kelang

|  | USD Dr. | USD Cr. |
|---|---:|---:|
| Freight on 92,345.758 mt FUEL OIL<br>Loaded at ODESSA ÷ CONSTANTZA, 15/3/06<br>Lumpsum freight | 2,200,000.00 |  |
| Less : Address commission, 2.5% |  | 55,000.00 |
| Additional Port ops: Constantza (TBF)<br>eur: 66'194.28<br>exch rate: 1.19151 | 78,871.15 |  |
| Vessels deviation: (time)<br>36.933 hrs deviation (excl portcall, will<br>be added to laytime calcs) = $46'166.67 | 46,166.67 |  |
| Vessels deviation: (bunkers)<br>HFO: 15.54mt * 327.50 = $5'089.35<br>MDO: 1.98mt * 596.50 = $1'181.07 | 2,940.31 |  |
| Bunkers consumed at Constantza<br>HFO:33.58mt * 327.50$ = $10'997.45<br>MDO:10.24mt * 596.50$ = $ 6'108.16 | 17,105.61 |  |
| Demurrage | 144,333.33 |  |
| Less : Address commission, 2.5% |  | 3,608.33 |
| Payment, 18/4/06 |  | 2,270,590.19 |
| Payment, 2/5/06 |  | 19,493.55 |
| **BALANCE TO YOUR DEBIT** |  | 140,725.00 |
|  | 2,489,417.07 | 2,489,417.07 |

E & O E

Continued on page 2 ...

- Page 1 -

# SWISSMARINE
## SERVICES S.A.

SwissMarine Services S.A. - 38, Avenue Cardinal-Mermillod - 1227 Carouge - Geneva - Switzerland
TEL. +41 (0) 22 827 18 88 - FAX +41 (0) 22 827 18 99 - sms@swissmarine.ch

Date : Mar 29 2006                                                                    Ref : 50625

## FINAL STATEMENT OF FREIGHT (Page 2)

Vessel     : GLENBULK A
Voyage     : 15
C/P Dated  : 28/2/06
Charterers : HERMITAGE UK LTD., LONDON
             c/o MALLORY JONES LYNCH & ASSOC.

Payment (not later than Apr 10 2006) to :-
   Nordea Bank Finland Plc
   London Branch City Place House 55 Basinghall Street London EC2V 5NB UNITED KING-DOM
   Account No. 0042228601-USD
   IBAN GB77NDEA40487842228601 - SWIFT NDEAGB2L
   Beneficiary: SwissMarine Services SA, Geneva, Switzerland
   Mentioning GLENBULK A/15

# HOLMAN FENWICK & WILLAN

Marlow House
Lloyds Avenue
London EC3N 3AL
Tel +44 (0)20 7488 2300
Fax +44 (0)20 7481 0316

holmans@hfw.co.uk
Telex 8812247 HFWLON
DX 1069 London City EC3
VAT No GB 243 4938 55

www.hfw.com

Your Ref

Our Ref   BSP/JLW/227

Direct Line

Email

Date

30 April 2008

Hermitage UK Ltd
2 Wimpole Street
London
W1G 0ED

c/o MJLF Geneva SA
15 Rue Du Cendrier CH
1201 Geneva
Switzerland
For the attention of Yann Cressent   BY EMAIL: ycressent@mjlf.ch and BY FAX: 00 41 22 901 3030.

Dear Sirs

Re   "GLENBULK A" – C/P dated 24 February 2006

We are instructed by SwissMarine Services SA ("SwissMarine") to recover from you unpaid demurrage of US$140,725.00 due under the above Charterparty.

SwissMarine have made repeated requests for payment, but these have not been met. Accordingly, we write to advise you that Charterers have appointed Mr Patrick O'Donovan, of Churcham House, 1 Bridgeman Road, Teddington, Middx TW11 9AJ (tel: 020 8977 3666, fax: 020 8977 3052 and email:patrickodonovan@hotmail.com) as their arbitrator in respect of all disputes and differences arising out of or in connection with the above charterparty.

The appointment is on current LMAA terms

Yours faithfully

HOLMAN FENWICK & WILLAN
HFWLDN\5163756-1

Celebrating 125 years of serving international commerce

Paris   Rouen   Brussels   Piraeus   Dubai   Hong Kong   Shanghai   Singapore   Melbourne

This firm is regulated by the Solicitors Regulation Authority.
A partnership of solicitors and registered foreign lawyers. All partners are solicitors except where otherwise shown.

# EXHIBIT 2

ATTN MARC CASTELLI                                    0041 2282110414

PAGE 01/01

System Name: ***AQUA Intercept 2.0***
Date/Time: 05JUN06 / 14:10:47 Inward SWIFT Message
Department: COST SERVICE
Message Type: MT103
From: CHASUS33XXX
         JPMORGAN CHASE BANK
         NEW YORK, NY

Velocity: N
Queue: Archived Processed
ISN: 1657235                Message received on on 18APR06 at 14:19:53

{1:F01KBAGB2LJWXXX0831914715}{2:O1030618060418CHASUS33AXXX1756010640604181136
M}{4:

:20:    Sender's Reference
        2433001080YC

:23B:   Bank Operation Code
        CRED

:32A:   Value Date/Currency/Interbank Settled Amount
        060418 USD                    2,270,590.19

:50K:   Ordering Customer
        1070438
        HERMITAGE RESOURCES LIMITED
        CH - 6300 ZUG

:52A:   Ordering Institution
        BBRUCHGT

:59:    Beneficiary Customer
        GB27MIDLA04878422286601
        SWISS MARITIME SERVICES SA
        CH-GENEVA                     ING BELGIUM NV/SA, BRUSSELS, GENEVA GENEVA

:70:    Remittance Information
        /RFB/TRF103103288
        MT GEMBULK A 15-INV.50625(FREIGHT
        DEVIATION DUNKERQ)

:71A:   Details of Charges
        SHA

:72:    Sender to Receiver Info.
        /INS/BKTRUS33

-}{5:{MAC:FM4BFC9}{CHK:71B8C796G9DM}}{}            XKCK100N 1
1050    F01KDBAGB2LPXXX00831914715  01030630060418CHAS         DATAEMAX4093.9915060041912
2433001087C

# EXHIBIT 3

29/05/2008  15:25  0207/7259178  NORDEA BANK  PAGE 02/02

```
Date/Time: 29MAY08 / 15:26:01 Inward SWIFT Message
System Name: ***MQUR Intercept 2.0***
Department: COST SERVICE
Message Type: MT103
From: CHASUS33XXX
       JPMORGAN CHASE BANK
       NEW YORK, NY

Priority: N
Queue: Archived Processed
ISN: 1726597
Message received on on 02MAY06 at 11:22:38

{1:F01NDEAGH21BXXX08479299350}{2:O1030621060502CHASUS33XXX17595095050605021121
RF{4:
:20:   Sender's Reference
       231680122FC
:23B:  Bank Operation Code
       CRED
:32A:  Value Date/Currency/Interbank Settled Amount
       060502 USD
                           19,493.55
:50K:  Ordering Customer
       1070438
       HERITAGE RESOURCES LIMITED
       LONDON UNITED KINGDOM
:52A:  Ordering Institution
       BBRUCHGT                          ING BRIGTON WT/SA, BRUSSELS, GENEVA, GENEVA
:59:   Beneficiary Customer
       GB77BDZA4048784222B601
       SWISS MARINE SERVICES SA
       GENEVA SWITZERLAND
:70:   Remittance Information
       /REF/TRF193121274
       RT GENEBRIX A 15 BALANCE
       MGVINTPORTCOSTS CONSTANZA
:71A:  Details of Charges
       SHA
:72:   Sender to Receiver Info.
       /INS/BRTNU533
-}{5:{MAC:A992C22A}{CHK:13294F770K941}   XRCRI00N 1  DKMDEAMA523068006050212
2139 F01NDBAGR21BXXX08479299350  0103062106050?CHAS
231680122FC
```

# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- X
SWISS MARINE SERVICES S.A.,

        Plaintiff,

- against -                                              ECF CASE

HERMITAGE UK LTD. and HERMITAGE
RESOURCES LIMITED

        Defendants.
-------------------------------------------------- X

### AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut )
                  ) ss: Town of Southport
County of Fairfield )

Coleen A. McEvoy, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

### DEFENDANT IS NOT PRESENT IN THE DISTRICT

2. I have attempted to locate the Defendants, HERMITAGE UK LTD. and HERMITAGE RESOURCES LIMITED within this District. As part of my investigation to locate the Defendants within this District, I checked the telephone company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendants. Finally, I checked the New York State Department of Corporations' online database which showed no listings or registration for the Defendants.

3.  I submit based on the foregoing that the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4.  Upon information and belief, the Defendants have, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendants.

5.  This is Plaintiff's first request for this relief made to any Court.

**PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER**

6.  Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy R. Peterson, Coleen A. McEvoy, Anne C. LeVasseur or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendants.

7.  Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendants.

8. To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

### PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

9. Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendants, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

### PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

10. Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served and throughout the next day, provided that process is served the next day, and to authorize service of process via facsimile or e-mail following initial *in personam* service.

Dated: June 9, 2008
      Southport, CT

_____
Coleen A. McEvoy

Sworn and subscribed to before me
this 6th day of June, 2008.

_____
Notary Public / Commissioner of
Superior Court